**Angel Francisco BREARD, Petitioner,**

v.

**Ronald ANGELONE, Director, Virginia Department of Corrections, Respondent.**

**No. 3:96CV366.**

United States District Court,
E.D. Virginia,
Richmond Division.

May 23, 1996.

Franklin Brawner Greer, William G. Broaddus, McGuire, Woods, Battle & Boothe, Richmond, VA, for Plaintiff.

Donald Richard Curry, Richmond, VA for Defendant.

### ORDER

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on the petitioner's motion for clarification of the

Court's Order of May 2, 1996, which stated that the petitioner shall file his 28 U.S.C. § 2254 motion no later than July 1, 1996. The following background facts, taken from the pleadings of the parties, are necessary for an understanding of the time periods in the case:

June 25, 1993: The jury in the state trial court returned a sentence of death.

September 9, 1993: The judge entered a sentence of death.

June 10, 1994: The Virginia Supreme Court affirmed the death sentence.

October 31, 1994: The United States Supreme Court denied the petitioner's petition for writ of certiorari.

May 1, 1995: The petitioner filed a state habeas corpus petition in the Circuit Court for Arlington County.

June 29, 1995: The Circuit Court dismissed the petition.

July 24, 1995: The Circuit Court denied reconsideration.

January 17, 1996: The Virginia Supreme Court dismissed the appeal of the Circuit Court's dismissal of the petition for writ of habeas corpus.

January 31, 1996: The Virginia Supreme Court denied a petition for a rehearing.

April 1, 1996: The petitioner filed a stay of execution in this Court.

■ The Court finds that under the new 28 U.S.C. § 2263, effective April 24, 1996, the petitioner is barred from filing a federal habeas petition because he failed to file within 180 days after final state court affirmance of his conviction, even given the various tolling events in the new statute. The additional 30-day window of time provided by § 2263(b)(3) does not help the petitioner because that 30-day period is an extension of time to be added to the 180-day period of subsection (a), and is not an independent period which can be added after the 180-day period has completely expired. Under the plain meaning of § 2263, therefore, the petitioner was time barred by this new statute on the day the statute was passed and became effective.

■ However, Article I, Section 9, clause 2 of the United States Constitution, the "suspension clause," states that:

The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.

The United States Supreme Court addressed the suspension clause in *Swain v. Pressley,* 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). That case involved a District of Columbia statute that purported to bar certain habeas petitions by District prisoners. The Supreme Court upheld the statute on the grounds that the law had a special exception allowing a prisoner to bring a motion in federal court if it appeared that the remedy under the D.C.Code was "inadequate or ineffective" to test the legality of the applicant's detention. *Id.* at 381, 97 S.Ct. at 1229–30. The negative implication of *Pressley* is that without a savings clause, a safe harbor or some type of exception for cases that render a rule inadequate, that rule violates the suspension clause. "[A] rule which would permit a court to dismiss an action for habeas corpus without any consideration of the equities presented renders the habeas corpus process inadequate to test the legality of a person's conviction and, thereby, constitutes a prohibited suspension of the writ." *Davis v. Adult Parole Authority,* 610 F.2d 410, 414 (6th Cir.1979).

■ The Court finds that § 2263 infringes on the privilege of habeas corpus in this case because prior to its passage, the petitioner would not have been time barred, yet upon its passage he was *immediately* time barred; the statute provides for no safe harbor or special exception. The law would require the petitioner, prior to the passage of § 2263, to have anticipated this effect. Section 2263 in the instant case is inadequate to test the legality of the petitioner's conviction and completely prevents any consideration of the equities of the case; therefore, § 2263 violates the suspension clause and is unconstitutional as applied. The Court thus interprets the Act's 180-day limitations period as commencing for purposes of this case on April 24, 1996, the effective date of the new § 2263. Because the July 1, 1996 deadline given by

548

the Court's Order of May 2, 1996 is well within that period, the Order and the July 1, 1996 deadline remain in effect.

It is SO ORDERED.